UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LONNIE BOYD, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:24-cv-243 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| WARDEN E. ROKOSKY, GENERAL ) | Magistrate Judge Susan K. Lee |
| COUNSEL, and REGIONAL DIRECTOR, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of Federal Correctional Institute McDowell ("FCI McDowell"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of a denial of certain sentencing credits to him, for which he seeks both compensation and dismissal of the supervised release portion of his sentence (Doc. 2), and a motion for leave to proceed *in forma pauperis* (Doc. 1). However, as the United States District Court for the Southern District of West Virginia is the proper venue for Plaintiff's claim, the Court will transfer this action there.

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which
> any defendant is subject to the court's personal jurisdiction with
> respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). As set forth above, Plaintiff's complaint arises out of denial of sentencing credits to him, and the only Defendant Plaintiff has named[1] is Warden E. Rokosky, who performs his official duties at FCI McDowell, which is in McDowell County, West Virginia, which lies within the United States District Court for the Southern District of West Virginia. 28 U.S.C. § 129(b). The Court therefore concludes that the proper venue for this case is the United States District Court for the Southern District of West Virginia. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Southern District of West Virginia and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

---

[1] While Plaintiff also indicates in his complaint that he intends to sue the "General Counsel" and "Regional Director," he does not name these individuals, and his complaint therefore fails to commence a civil action against them. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against unknown defendants "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n.1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)).

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**